UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PEOPLES BANK, et al., <br><br> Plaintiffs, <br><br> v. <br><br> P/C AMBASSADOR OF THE LAKE, et al., <br><br> Defendants. | CASE NO. C16-1403JLR <br><br> ORDER DENYING MOTION TO AMEND |

Before the court is Defendant Salvatore Ragusa's motion to amend his answer to file a counterclaim. (Mot. (Dkt. # 52).) Mr. Ragusa's motion fails to comply with the Federal Rules of Civil Procedure and the Local Civil Rules in several ways. First, he filed his proposed counter-complaint separately and not as part of a proposed amended answer. (*See* Prop. Counter-Compl. (Dkt. # 52-3)); *cf.* Fed. R. Civ. P. 13 (explaining that counterclaims must be asserted in a pleading); Fed. R. Civ. P. 7(a) (enumerating the type of pleadings allowed in federal court); *see also* Local Rules W.D. Wash. LCR 15

ORDER - 1

(explaining the requirements for a proposed amended pleading). In addition, Mr. Ragusa has not yet filed an answer to Plaintiff Seattle Mobile Marine's ("SMM") complaint. (*See* Dkt.; *see also* 11/8/16 Min. Entry (Dkt. # 54) (striking the answer (Dkt. # 51) as improperly filed).) The court cannot grant Mr. Ragusa leave to amend an answer that is not in the record.

In addition, Mr. Ragusa makes a deficient showing that amendment to state counterclaims and implead non-parties is warranted. *See* Fed. R. Civ. P. 15. Mr. Ragusa merely asserts that it took his counsel one month to learn of the facts underlying his counterclaims. (Mot. at 2-3; Jared Decl. (Dkt. # 52-2) at 2.) He does not address any of the factors that govern leave to amend under Federal Rule of Civil Procedure 15. *See Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Mr. Ragusa also makes no argument as to how his proposed counterclaims satisfy Federal Rule of Civil Procedure 13 or why joining two parties is warranted under Federal Rules of Civil Procedure 19 and 20. (*See* Mot.) Finally, when Plaintiffs SMM and Peoples Bank identified these and other flaws in his motion (*see* SMM Resp. (Dkt. # 61); Peoples Bank Resp. (Dkt. # 62)), Mr. Ragusa failed to file a reply brief (*see* Dkt.). The court treats this failure to reply as an acknowledgement of the flaws in Mr. Ragusa's motion. *Cf.* Local Rules W.D. Wash. LCR 7(b)(2) ("[I]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit.").

1   For the foregoing reasons, the court DENIES Mr. Ragusa's motion to amend his
2   answer WITHOUT PREJUDICE to renewing that motion. If Mr. Ragusa chooses to
3   renew the motion, he must do so in a manner that complies with the Federal Rules of
4   Civil Procedure and the Local Civil Rules and makes the requisite substantive showings.
5   Dated this 25th day of January, 2017.

JAMES L. ROBART
United States District Judge