UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PEOPLES BANK, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>P/C AMBASSADOR OF THE LAKE, et al.,<br><br>　　　　　　Defendant. | CASE NO. C16-1403JLR<br><br>ORDER |

## I.   INTRODUCTION

Before the court is Plaintiff Peoples Bank's motion for an order of interlocutory sale of the P/C Ambassador of the Lake pursuant to Federal Rule of Civil Procedure, Supplemental Rule E(9)(a).  (Mot. (Dkt. # 78).)  Defendant Salvatore Ragusa opposes People's Bank's motion (Ragusa Resp. (Dkt. # 82)), and Plaintiff-in-Intervention Seattle Mobile Marine, LLC ("SMM") opposes the motion in part (SMM Resp. (Dkt. # 83)).  The court has considered the parties' submissions, the relevant portions of the record, and

the applicable law. Considering itself fully advised,[1] the court GRANTS Peoples Bank's motion as described below.

## II.  BACKGROUND

On September 2, 2016, the court ordered the clerk to issue a vessel arrest warrant for the Ambassador of the Lake, Mr. Ragusa's vessel, based on Peoples Bank's foreclosure on a marine mortgage. (Arrest Order (Dkt. # 8); *see also* Peoples Bank Compl. (Dkt. # 1).) SMM subsequently intervened in the case based on its verified statement of interest. (10/25/16 Order (Dkt. # 40); *see also* SMM Compl. (Dkt. # 39).) Mr. Ragusa subsequently moved to release his vessel from custody, and the court denied that motion but set a bond of $234,000.00. (11/18/16 Order (Dkt. # 60).) Pursuant to the parties' stipulated motion, the court also ordered a change in the arrest arrangements of the Ambassador of the Lake in order to most effectively preserve its condition. (11/29/16 Order (Dkt. # 66).)

Mr. Ragusa failed to pay the bond, and the vehicle therefore remains arrested. (*See* Dkt.; Ragusa Decl. (Dkt. # 82-2) ¶¶ 7-8; Loosmore Decl. (Dkt. # 81) ¶¶ 3, 6.) In addition, despite representing in settlement discussions that he would obtain a loan in order to settle this action and secure release of the Ambassador of the Lake, Mr. Ragusa has failed to do so. (Loosmore Decl. ¶¶ 4-5.) The custodian for the Ambassador of the Lake attests that the six months of idle time since the vessel's arrest has "resulted in some decay or deterioration," which he opines further idle time will exacerbate. (Osborn Decl.

---

[1] None of the parties request oral argument, and the court concludes that oral argument would not aid its disposition of the motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

(Dkt. # 79) ¶ 6.)  Because the value of Peoples Bank's collateral declines every day, Peoples Bank moves for an interlocutory sale of the Ambassador of the Lake.  (*See generally* Mot.)

### III.   ANALYSIS

The parties have asked for various forms of relief from the court.  Peoples Bank seeks an order authorizing the United States Marshal to conduct an interlocutory sale of the Ambassador of the Lake (*id.* at 1-5); a declaration that Peoples Bank's claim is superior to all other claimants (*id.* at 5-6); and authorization to submit a credit bid of up to $149,753.12 at the interlocutory sale (*id.* at 6-7).  In the event the court grants Peoples Bank's motion, SMM asks the court to set a minimum bid amount at the interlocutory sale of $227,371.39 or "some round figure close thereto."  (SMM Resp. at 5.)  Finally, Mr. Ragusa requests leave to remove certain objects from the vessel.  (Ragusa Resp. at 4-5.)  The court addresses each request in turn.

**A.    Interlocutory Sale**

The Federal Rules of Civil Procedure provide for an interlocutory sale in an *in rem* action where:  "(A) the attached or arrested property is perishable, or liable to deterioration, decay, or injury by being detained in custody pending the action; (B) the expense of keeping the property is excessive or disproportionate; or (C) there is an unreasonable delay in securing release of the property."  Fed. R. Civ. P., Supp. R. E(9)(a)(i).  Supplemental Rule E(9)(a)(i) is phrased in the disjunctive, meaning the presence of any one of the three conditions suffices to warrant an interlocutory sale.  *See id.*

Here, each of the conditions listed in Supplemental Rule E(9)(a)(i) is met. The seven-and-a-half months that the Ambassador of the Lake has remained idle render its machinery and equipment liable to deterioration and decay. (*See* Osborn Decl. ¶ 6); Fed. R. Civ. P., Supp. R. E(9)(a)(i)(A). Mr. Ragusa argues without citation to authority that Peoples Bank has provided insufficient evidence of actual deterioration or decay (Ragusa Resp. at 2-3), but Mr. Ragusa overstates the legal standard that Peoples Bank must meet, *see Cal. Yacht Marina—Chula Vista, LLC v. S/V Opily*, No. 10-cv-01215-BAS(BGS), 2015 WL 1197540, at *3 (S.D. Cal. Mar. 16, 2015) ("While the Court has not been presented with any evidence the Defendant Vessel has in fact deteriorated, the Court finds that the Defendant Vessel is liable to deterioration or injury if it remains arrested during the pendency of this action."). The opinion of the vessel's custodian, who is experienced with such matters, suffices to demonstrate that the vessel is "liable to . . . deterioration [or] decay." Fed. R. Civ. P., Supp. R. E(9)(a)(i)(A); (*see* Osborn Decl. ¶ 6.)

In addition, the $46,447.95 in custody charges as of March 21, 2017, are disproportionate to the market value of the Ambassador of the Lake. (*See* Olson Decl. (Dkt. # 80) ¶¶ 3-4); Fed. R. Civ. P., Supp. R. E(9)(a)(i)(B). Mr. Ragusa resists this conclusion on the ground that the value of the Ambassador of the Lake is $240,000.00, not $190,000.00 as Peoples Bank suggests. (*See* Ragusa Resp. at 3 (citing Ragusa Decl. ¶ 3, Ex. A ("1/12/15 Valuation")).) As support, Mr. Ragusa relies a January 12, 2015, valuation that predates the deterioration and decay that has likely occurred since the arrest here. (1/12/15 Valuation at 1.) Moreover, even assuming the value remains at $240,000.00, the growing custody charges are excessive and disproportionate to the value

of the vessel.  *See* Fed. R. Civ. P., Supp. R. E(9)(a)(i)(B); *see Seatrade Grp. N.V. v. 6,785.5 Tons of Cement*, No. Civ.A. H-05-2771, 2005 WL 3878026, at *5 (S.D. Tex. Dec. 7, 2005) ("As time passes, the expense of storing the property consumes more and more of the cargo's value and becomes excessive in relation to the value of the cargo.").

Finally, Mr. Ragusa has caused unreasonable delay in securing the release of the vessel by repeatedly failing to deliver on his promises to pay Peoples Bank or post bond. (*See* 11/18/16 Order at 2 (granting Mr. Ragusa's request to set a bond for release of the boat and setting a deadline for payment of November 23, 2016); Loosmore Decl. ¶¶ 3 (indicating that to date, Mr. Ragusa has not paid the bond), 4-5 (representing that the parties reached a settlement agreement on December 9, 2016, but Mr. Ragusa failed to pay the agreed amount), 6 (indicating that after December 2016, Mr. Ragusa has taken no steps to post a bond or pay the settlement amount); Vaughn Decl. (Dkt. # 82-1) ¶¶ 4-6 (predicting incorrectly that within a "few days" of March 28, 2017, Mr. Ragusa would secure private financing)); Fed. R. Civ. P., Supp. R. E(9)(a)(i)(C).  Mr. Ragusa argues without citation to legal authority that he should be afforded additional time to secure a loan and post a bond.  (Ragusa Resp. at 3.)  The court disagrees.  Seven months constitutes sufficient time for Mr. Ragusa to have secured a bond, were he capable of doing so.  *See Bank of Rio Vista v. Vessel Captain Pete*, No. C 04-2736CW, 2004 WL 2330704, at *2 (N.D. Cal. Oct. 14, 2004) (collecting cases in support of the proposition that defendants are typically given at least four months to bond a vessel); *see also Ferrous Fin. Servs. Co. v. O/S Arctic Producer*, 567 F. Supp. 400 (W.D. Wash. 1983) (concluding that a four-month arrest without any effort to have the vessel released

constitutes unreasonable delay). Mr. Ragusa makes no showing that he has progressed toward securing the requisite funds, and the court concludes that the delay has been unreasonable. *See* Fed. R. Civ. P., Supp. R. E(9)(a)(i)(C).

The court concludes that under any of the disjunctive prongs of Supplemental Rule E(9)(a)(i), an order authorizing an injunctive sale is warranted. Accordingly, the court grants Peoples Bank's motion to that effect and directs the Marshal to cause the Ambassador of the Lake to be condemned and sold at public auction, pursuant to the rules of the United States District Court for the Western District of Washington.[2] The Marshal may set a date and time of sale satisfactory to the Marshal, but that date may not precede May 22, 2017.

**B.    Superior Claim**

Peoples Bank also asks the court to conclude that its claim has priority over all other claims. (Mot. at 5-6.) Mr. Ragusa and SMM agree that Peoples Bank's claim is superior (Ragusa Resp. at 5; SMM Resp. at 2), and the court has entered default against any lienholders who have not appeared (2/24/17 Order (Dkt. # 77)). Accordingly, the court concludes that Peoples Bank has the superior claim and grants Peoples Bank's motion to that effect.

**C.    Credit Bid**

Peoples Bank next asks the court for authorization to place a credit bid not to exceed $149,753.12 at the interlocutory sale. (Mot. at 6-7.) Acknowledging that the

---

[2] As used in this order, "'Marshal' means the United States Marshal and includes deputy marshals." Local Rules W.D. Wash. LAR 101.

Local Admiralty Rules in the Western District of Washington do not provide for credit bids, Peoples Bank points the court to the Local Admiralty Rules for several districts in California. (*Id.* at 6 n.8.) In certain circumstances, the Western District of Washington has permitted a creditor to make a credit bid at the sale of the attached property. *See, e.g.*, *Peoples Bank v. P/C Paper Moon*, No. C11-2075JLR (W.D. Wash.), Dkt. # 22 at 2; *see also Cal. Yacht Marina*, 2015 WL 1197540, at *4-5 (permitting a credit bid at an interlocutory sale where pursuant to the Southern District of California's local admiralty rules, the movant demonstrated the seniority of its claim and demonstrated by affidavit the total amount of secured indebtedness).

As Peoples Bank aptly summarizes, permitting a credit bid "avoids the peculiarity of the judgment creditor having to pay the bid price to the [m]arshal to purchase the vessel, having this payment deposited into the registry of the court and then the judgment creditor having to file a motion for an order directing the clerk to disperse the funds in the registry to satisfy the judgment." (Mot. at 6.) Although Peoples Bank has not obtained a judgment for the amount that it contends Mr. Ragusa owes, Peoples Bank has the superior claim, *see supra* § III.B., and neither Mr. Ragusa nor SMM oppose Peoples Bank's request to submit a credit bid at the interlocutory sale. (*See* Ragusa Resp. at 5; SMM Resp. at 2.) Accordingly, the court concludes a credit bid is appropriate in these circumstances and grants Peoples Bank's request to submit a credit bid not to exceed

//

//

//

$149,753.12, which constitutes the remaining loan principal secured by the Ambassador of the Lake.[3] (*See* Olson Decl. ¶ 2.)

**D.    Minimum Bid**

SMM asks the court to set a minimum bid of $227,371.39 or "some round figure close thereto" at the interlocutory sale. (SMM Resp. at 5.) According to SMM, this minimum is warranted to protect SMM's "interest as a non-priority lienholder without setting the minimum bid above the vessel's fair market value." (*Id.*) SMM relies on the January 12, 2015, valuation in support of its contention that a $227,371.39 minimum is "above the vessel's fair market value." (*See id.* (citing 1/12/15 Valuation at 1).)

SMM cites no legal authority that permits the court to set a minimum bid at the auction. (*Id.*) Furthermore, SMM bases its argument on a flawed factual premise. In light of the time that has passed and the potential for deterioration and decay since the most recent valuation, the Ambassador of the Lake's sale price better approximates its fair market value. In the event the sale price is greater than $227,371.39, SMM's request is irrelevant. In the event the sale price is less than $227,371.39, SMM must endure the consequences of being a non-priority lienholder. The court denies SMM's request to set a minimum bid.

//

//

//

---

[3] Peoples Bank may submit a bid in excess of $149,753.12, but it must finance the balance of its bid in the same manner as other bidders. *See* Local Rules W.D. Wash. LAR 145(b).

**E.  Leave to Remove Items**

Mr. Ragusa requests the court's leave to remove certain items from the Ambassador of the Lake prior to its sale.[4] (Ragusa Resp. at 4-5.) Peoples Bank partially opposes this request (Reply (Dkt. # 86) at 5), and SMM fully opposes the request (SMM Resp. at 2-4). Because Mr. Ragusa raised his request in his response, however, it has not been properly presented and briefed. Accordingly, the court orders the parties to meet and confer no later than Tuesday, April 25, 2017, in an effort to resolve the dispute, and if they cannot do so, to raise the issue in the following manner:

- No later than Wednesday, April 26, 2017, the parties must file a notice on the docket identifying the items that remain in dispute, if any, and which parties dispute Mr. Ragusa's authority to remove them.

- No later than 4:30 p.m. on Friday, April 28, 2017, Mr. Ragusa may file a motion of no more than eight (8) pages requesting leave to remove items prior to the vessel's sale. If Mr. Ragusa fails to timely file such a motion, the court will not permit him to remove any of the disputed items.

//

//

---

[4] Mr. Ragusa filed a second response in which he attempts to bolster his argument that certain personal items may be removed. (Supp. Ragusa Resp. (Dkt. # 85) at 1-3.) He filed that response without leave of the court and in contravention of the Local Civil Rules. *See* Local Rules W.D. Wash. LCR 7(d)(3) (setting forth the briefing schedule for a third-Friday motion). The court therefore strikes Mr. Ragusa's second response (Dkt. # 85).
Further, counsel for Mr. Ragusa has repeatedly violated the applicable procedural rules. (*See, e.g.*, 11/8/16 Min. Entry (striking Mr. Ragusa's answer for failure to comply with the Federal Rules of Civil Procedure).) The court cautions Mr. Ragusa and his counsel that future failure to comply with the applicable rules may result in monetary sanctions.

1  - No later than 4:30 p.m. on Wednesday, May 3, 2017, Peoples Bank and SMM may file responses of no more than eight (8) pages in opposition to Mr. Ragusa's motion.
- No later than 12:00 p.m. on Friday, May 5, 2017, Mr. Ragusa may file a reply brief in support of his motion of no more than four (4) pages.

The court will endeavor to rule on the motion expeditiously. Following resolution of the dispute over Mr. Ragusa's purported personal items—whether resolution comes via agreement of the parties or the court's ruling—the court will provide notice to the United States Marshal of what items shall remain on the Ambassador of the Lake when it is sold at auction.

## IV. CONCLUSION

Based on the foregoing analysis, the court GRANTS Peoples Bank's motion for an interlocutory sale (Dkt. # 78) and DIRECTS the United States Marshal to institute a public auction of the Ambassador of the Lake no sooner than May 22, 2017. The court further ORDERS the parties to meet and confer regarding Mr. Ragusa's purported personal items and to brief the issue in the expedited manner described above. Finally, the court STRIKES Mr. Ragusa's second response (Dkt. # 85) as improper and cautions

//
//
//
//
//

Mr. Ragusa and his counsel that future failure to abide by the applicable rules may result in monetary sanctions.

Dated this 20th day of April, 2017.

JAMES L. ROBART
United States District Judge