UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PEOPLES BANK, et al., <br><br> Plaintiffs, <br><br> v. <br><br> P/C AMBASSADOR OF THE LAKE, et al., <br><br> Defendants. | CASE NO. C16-1403JLR <br><br> ORDER |

## I. INTRODUCTION

Before the court is Plaintiff Peoples Bank's motion for summary judgment *in rem* and judgment foreclosing its preferred marine mortgage. (Mot. (Dkt. # 96); *see also* Reply (Dkt. # 104) (narrowing the requested relief due to factual developments subsequent to filing the motion).) Defendant Salvatore Ragusa, the former owner of *in rem* Defendant P/C Ambassador of the Lake, opposes in part Peoples Bank's motion (Resp. (Dkt. # 100)), and Plaintiff-in-Intervention Seattle Mobile Marine, LLC ("SMM")

does not oppose the motion (Not. of Non-Opp. (Dkt. # 103)). The court has considered the motion and related filings, the relevant portions of the record, and the applicable law. Considering itself fully advised,[1] the court GRANTS Peoples Bank's motion as narrowed in its reply brief, and FORECLOSES the preferred marine mortgage on the Ambassador of the Lake.

## II. BACKGROUND

This case arises out of several debts Mr. Ragusa owes, at least one of which is secured by the Ambassador of the Lake. (*See* Peoples Bank Compl. (Dkt. # 1); Loosmore Decl. (Dkt. # 98) ¶ 2, Ex. 1 ("RFAs") at 4; Resp. at 2.) Mr. Ragusa has two loans with Peoples Bank: Loan Number 5045130-601 ("the 601 Loan") and Loan Number 5045130-602 ("the 602 Loan"). (2d Olson Decl. (Dkt. # 105) ¶ 4.) As of July 25, 2017, Mr. Ragusa owed Peoples Bank $130,549.79 on the 601 Loan. (*Id.*) As of June 28, 2017, Mr. Ragusa owed $25,205.25 on the 602 Loan. (1st Olson Decl. (Dkt. # 97) ¶ 2.) Mr. Ragusa admits that the Ambassador of the Lake secures the 601 Loan and that he defaulted on that loan in August 2016. (RFAs at 4; Resp. at 2.) However, Mr. Ragusa contends that the 602 Loan is unsecured. (RFAs at 6; Resp. at 2-4.)

On May 24, 2017, Peoples Bank purchased the Ambassador of the Lake at a court-ordered interlocutory sale. (Ret. of Svc. re: Marshal's Sale (Dkt. # 94) at 1; *see also* 4/20/17 Order (Dkt. # 89) (ordering the interlocutory sale of the Ambassador of the Lake).) Peoples Bank then finalized a sale of the Ambassador of the Lake to a third-party

---

[1] No party requests oral argument, and the court concludes oral argument would not aid its disposition of the motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

purchaser. (2d Olson Decl. ¶ 2.) After deducting conservatively estimated costs of associated repairs and storage, Peoples Bank expects to realize $123,363.35 from the sale. (*Id.* ¶ 3.) Peoples Bank now asks the court to enter summary judgment dismissing Mr. Ragusa's affirmative defenses and foreclosing its marine mortgage on the Ambassador of the Lake. (Mot. at 4-10.)

### III. ANALYSIS

Peoples Bank initially moved for summary judgment *in rem* and foreclosure on the basis of the 601 Loan and the 602 Loan. (Mot. at 4-5, 9-10.) However, when Peoples Bank sold the Ambassador of the Lake for a net sum of less than the outstanding balance on the 601 Loan, Peoples Bank agreed that "the court does not need to decide whether the 602 [L]oan . . . is secured or unsecured" in order to award the relief it seeks. (Reply at 2.) Peoples Bank also seeks summary judgment on the affirmative defenses of failure to serve, harassment, unclean hands, and various additional, unspecified affirmative defenses. (Mot. at 7-8.)

### A. Legal Standard

Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the non-moving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. Cty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007). The moving party bears the initial burden of showing that there is no genuine issue of material fact and that he or she is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323. If the moving party meets his or her

burden, then the non-moving party "must make a showing sufficient to establish a genuine dispute of material fact regarding the existence of the essential elements of his case that he must prove at trial" in order to withstand summary judgment. *Galen*, 477 F.3d at 658. The non-moving party may make this showing by use of affidavits, depositions, answers to interrogatories, or requests for admissions. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court is "required to view the facts and draw reasonable inferences in the light most favorable to the [non-moving] party." *Scott v. Harris*, 550 U.S. 372, 378 (2007). Only disputes over the facts that might affect the outcome of the suit under the governing law are "material" and will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

**B.     Affirmative Defenses**

In his amended answer, Mr. Ragusa asserts the affirmative defenses of improper service, harassment, and unclean hands. (*See* Am. Ans. (Dkt. # 22) at 3-4.) He also "reserves the right to amend the answer to assert Other [sic] affirmative defenses." (*Id.* at 4.) Peoples Bank seeks summary judgment on all of Mr. Ragusa's affirmative defenses. (Mot. at 7-8.)

Each of Mr. Ragusa's affirmative defenses fails as a matter of law. Peoples Bank properly served Mr. Ragusa. (Proof of Svc. (Dkt. # 56).) There is no suggestion in the complaint (*see* Peoples Bank Compl.) or evidence in the record that Peoples Bank filed this lawsuit to harass Mr. Ragusa or the Ambassador of the Lake, or that Peoples Bank has unclean hands with regard to the subject of this lawsuit (*see* Init. Disclosures (Dkt. # 67) (attaching Mr. Ragusa's initial disclosures, none of which contain any evidence

pertinent to Mr. Ragusa's affirmative defenses); Vaughn Decl. (Dkt. # 101) (attaching no evidence relevant to Mr. Ragusa's affirmative defenses); Ragusa Decl. (Dkt. # 102) (same)). Finally, Mr. Ragusa has not asserted any additional affirmative defenses and, after the court denied without prejudice a previous motion for leave to amend his answer (*see* 1/25/17 Order (Dkt. # 73)), Mr. Ragusa has not sought the court's leave to amend his answer or to assert additional defenses (*see* Dkt.). Peoples Bank raises all of these deficiencies in its motion for summary judgment (Mot. at 7-8), and Mr. Ragusa fails to acknowledge the arguments, reference his affirmative defenses, or point to any evidence to support any of his affirmative defenses (*see generally* Resp).

To withstand summary judgment, the party opposing summary judgment "must make a showing sufficient to establish a genuine dispute of material fact regarding the existence of the essential elements of his case that he must prove at trial." *Galen*, 477 F.3d at 658. Because Mr. Ragusa bears the burden of proof on each affirmative defense and has placed no facts in the record supporting any of those affirmative defenses, the court grants Peoples Bank summary judgment as to all of Mr. Ragusa's affirmative defenses.

**C.     Foreclosure**

Regardless of whether the Ambassador of the Lake secures the 602 Loan, Mr. Ragusa's admitted default on the 601 Loan warrants foreclosure. (*See* RFAs at 4 (admitting that the Ambassador of the Lake secures the 601 Loan).) The outstanding balance on the 601 Loan exceeds the net proceeds from the forthcoming sale of the Ambassador of the Lake, less repair costs. (*See* 2d Olson Decl. ¶¶ 3-4); *Walter E. Heller*

*& Co. v. O/S Sonny V.*, 595 F.2d 968, 972 (5th Cir. 1979) (indicating that the resale price less the cost of repairs is presumptively the fair market value of property in a preferred marine foreclosure case). There is no evidence to suggest the sale of the Ambassador of the Lake was unfair or obtained less than market value. *See Walter E. Heller*, 595 F.2d at 972; (Dkt.). All of the underlying facts are uncontroverted, Mr. Ragusa's argument that the 602 Loan is unsecured is irrelevant, and Mr. Ragusa makes no argument opposing foreclosure based on his default on the 601 Loan. (*See* Resp. at 2-4.) Accordingly, the court grants Peoples Bank summary judgment against the Ambassador of the Lake, her engines, tackle, apparel, furniture, and equipment, for $130,549.79.[2]

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS Peoples Bank's motion for summary judgment (Dkt. # 96), DISMISSES Mr. Ragusa's affirmative defenses, and FORECLOSES the preferred marine mortgage on the Ambassador of the Lake.

Dated this 9th day of August, 2017.

JAMES L. ROBART
United States District Judge

---

[2] The court defers ruling on whether and to what extent pre- and post-judgment interest are available because there are extant claims against Mr. Ragusa and Defendant Lana Stewart, *in personam*. (*See generally* Peoples Bank Compl.; SMM Compl. (Dkt. # 39).)